UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIE LIU TANG,

    Plaintiff,

vs.                                CASE NO. 8:05-cv-572-T-17-MAP

UNIVERSITY OF SOUTH FLORIDA,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** came before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint, filed on May 13, 2005, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 13). Also before the Court is the Defendant's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 14), Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 23), Defendant's Reply to Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss (Dkt. 28), Plaintiff's Motion and Incorporated Memorandum in Support of Plaintiff's Motion to Amend Complaint (Dkt. 21), Affidavit of Plaintiff (Dkt. 24), Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend Complaint (Dkt. 26), Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Amend Complaint and Incorporated Memorandum of Law (Dkt. 34), Defendant's Notice of Filing Supplemental Authority (Dkt. 35), Defendant's Second Notice of Filing Supplemental Authority (Dkt. 36), and Defendant's Third Notice of Filing Supplemental Authority (Dkt. 37). After considering the motion, record, and applicable law, the Defendant's Motion is **granted in part** for the reasons set forth below.

## I. STANDARD OF REVIEW

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court must accept all of the alleged facts as true and resolve them in a light most favorable to the Plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The motion to dismiss should be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994).

CASE NO. 8:05-cv-572-T-17-MAP

## II. PLAINTIFF'S ADEA CLAIM

Defendant seeks to dismiss Plaintiff's Age Discrimination in Employment Act (ADEA) claim because it is barred by the Eleventh Amendment of the United States Constitution. Defendant, the University of South Florida (USF), argues that it is an arm of the state and is, therefore, entitled to sovereign immunity by virtue of the Eleventh Amendment. (Dkt. 14 ¶ 8). In Florida, state universities are agencies of the state and courts have specifically stated that public universities are arms of the state. See Fla. Stat. § 1001.705(1)(a)(4) (2002); Boles v Gibbons, 694 F. Supp. 849, 850 (M.D. Fla. 1988); Walker v. Florida State University School, No. 4:04-cv-144, 2004 U.S. Dist. Lexis 26668, at *4 (N.D. Fla. Dec. 30, 2004). Eleventh Amendment immunity "extends not only to states when named as a party to an action, but also to state agencies acting under the state's control." Walker, 2004 U.S. Dist. Lexis 26668, at *2. Therefore, Defendant USF is a state agency entitled to Eleventh Amendment immunity unless that immunity has been waived.

The United States Supreme Court has ruled that the ADEA does not abrogate the States' Eleventh Amendment immunity. Kimel v. Florida Board of Regents, 528 U.S. 62, 92 (2000). Because the Eleventh Amendment bars an action against a state under the ADEA, and USF is an arm of the state, this Court lacks subject matter jurisdiction to hear Plaintiff's ADEA claim. See also Driesse v. Florida Board of Regents, 26 F. Supp. 2d 1328 (M.D. Fla. 1998). Therefore, Plaintiff's ADEA claim is dismissed, with prejudice.

## III. SECTION 1981 CLAIM

Defendant also seeks to dismiss Plaintiff's § 1981 claim as barred by the Eleventh Amendment. Although this immunity may be waived through a valid exercise of congressional authority, no waiver has been effected for claims under 42 U.S.C. § 1981. Walker, 2004 U.S. Dist. Lexis 26668 at *2-3; Sessions v. Rusk State Hospital, 648 F.2d 1066, 1069 (5th Cir. Unit A 1981). Because USF is a state agency that is entitled to Eleventh Amendment immunity, the § 1981 claim against USF should be dismissed, with prejudice.

However, "injunctive or prospective relief may be sought against state officials without invoking the [E]leventh [A]mendment bar." Sessions, 648 F.2d at 1069. Technically, therefore, a § 1981 claim against the USF President in her official capacity would not be subject to the Eleventh

2

CASE NO. 8:05-cv-572-T-17-MAP

Amendment. See Ex Parte Young, 209 U.S. 123 (1908). The issue then becomes whether it is in the interest of judicial economy to allow such a claim. Because a plaintiff cannot seek compensatory and punitive damages against state defendants in their official capacities, it follows that in the instant case, the Plaintiff cannot recover anything in a claim for prospective relief against a University official under § 1981 that she cannot recover under her Title VII claim against her employer. See Wright v. Butts, 953 F. Supp. 1352, 1358 (M.D. Ala. 1996). The Eleventh Circuit has explained that the reasoning behind the limitation of damages in suits against state officials is that "lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" Id. (quotations omitted). Because damages would be paid out of the state treasury, retrospective money relief is prohibited. Id. at 1359.

Although Plaintiff is technically permitted to sue a state official in his or her official capacity for prospective or injunctive relief under § 1981, Plaintiff should be aware that a claim of this nature could be duplicative of Plaintiff's Title VII claim against USF and may not be in the interest of judicial economy.

## IV. TITLE VII CLAIM OF RACIAL DISCRIMINATION

Defendant seeks to dismiss Plaintiff's claim of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., asserting that Plaintiff has not alleged a threshold element of her racial discrimination claim. Specifically, Defendant alleges that Plaintiff cannot maintain a Title VII claim because nowhere in Plaintiff's Complaint does she identify herself as a member of a protected racial group; rather, Plaintiff alleges only that she is Chinese, which is her national origin. Moreover, Defendant alleges that if Plaintiff were allowed to amend her Complaint to allege that she is of the Asian race, that claim would be doomed to fail because Plaintiff's EEOC filing alleges discrimination based on national origin, not race. Ordinarily, a charge of discrimination must be filed with the EEOC as a condition precedent to bringing a Title VII action. Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000). "A Title VII action, however, may be based not only upon the allegations in the initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of

3

CASE NO. 8:05-cv-572-T-17-MAP

discrimination." <u>United States Equal Employment Opportunity Commission v. G.F.B. Enterprises</u>, No. 01-4035-CIV, 2002 WL 1908496, at *1 (S.D. Fla. June 20, 2002) (quoting <u>Chanda</u>, 234 F.3d at 1225).

Several Eleventh Circuit cases have addressed procedural defects in Title VII claims. In <u>Chanda</u>, the plaintiff sued for discrimination under the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA), and brought a retaliatory discharge claim under Title VII. <u>Chanda</u>, 234 F.3d at 1221. The plaintiff had checked the "retaliation" and "disability" boxes on his EEOC papers and had written in the particulars section that "I also complained about discrimination." <u>Id.</u> at 1224. However, in his complaint, Plaintiff brought the claim under Title VII as an ethnic discrimination claim, and, in his brief and at oral argument, Plaintiff's counsel based the retaliation claim on national origin discrimination. <u>Id.</u> at 1225. The Eleventh Circuit held that a reasonable investigation based on the EEOC charge did not and would not encompass retaliation based on complaints about national origin discrimination. <u>Id.</u> First, the court reasoned that in his Charge of Discrimination, Plaintiff checked the "retaliation" box, but nothing in his EEOC filing mentioned discrimination based on national origin. <u>Id.</u> In addition, the EEOC filing did not contain a complaint about such discrimination, or allege a claim under Title VII. <u>Id.</u> Therefore, the Plaintiff failed to meet the initial jurisdictional requirement for a Title VII retaliation claim by not including it in his EEOC charge. <u>Id.</u>

In <u>Gaston v. Home Depot USA</u>, the Southern District of Florida found that the plaintiff could not maintain a Title VII action based on national origin discrimination when he had alleged racial discrimination and retaliation in his EEOC filing, but not national origin discrimination. <u>Gaston v. Home Depot USA</u>, 129 F. Supp. 2d 1355, 1366 (S.D. Fla. 2001). In his Charge of Discrimination, the plaintiff stated that he was Black, that non-Black employees were treated differently, and that he was discriminated against because of his race, Black. <u>Id.</u> In addition, the EEOC Notice of Charge of Discrimination indicated racial discrimination as the basis for the charge, but the "national origin" and "retaliation" boxes were unchecked. <u>Id.</u> The Southern District found that when reviewing the EEOC questionnaire in the light most favorable to the plaintiff, it could be concluded that the plaintiff was trying to state a claim for retaliation because he complained of unfair treatment in his

CASE NO. 8:05-cv-572-T-17-MAP

work reviews. Id. However, the court found that the plaintiff could not maintain a claim based on national origin discrimination because nothing in the EEOC filing reflected an intention to pursue a claim based on national origin. Id. The court reasoned that the plaintiff was "quite clear that his claim was based on race, and it is not reasonable to expect that a subsequent EEOC investigation would also embrace national origin." Id. Therefore, the claim of discrimination based on national origin was dismissed because the plaintiff had not met the condition precedent to bringing suit.

In G.F.B. Enterprises, the EEOC brought a discrimination action on behalf of several employees, based on race, national origin, and religion. G.F.B. Enterprises, 2002 WL 1908496 at *1. The Defendant moved to dismiss the racial harassment claim because the Amended Complaint did not allege that any employee had filed a charge of racial discrimination or harassment. Id. In finding that the plaintiffs' racial harassment claims were sufficiently related to the national origin and religious claims, the court reasoned that the EEOC's investigation could be reasonably expected to grow out of the initial charges of discrimination. Id. Because the EEOC's investigation of the national origin and religious harassment claims had actually resulted in the discovery of claims based on race, the EEOC was allowed to pursue claims of racial harassment. Id. at *2.

This Court believes that the facts in the instant case are more akin to those in Chanda and Home Depot rather than G.F.B. In instant case, the Plaintiff's Charge of Discrimination filed with the EEOC clearly demonstrates that her claims of discrimination were based on age and national origin. (Pl.'s Mem., Dkt. 23 Ex. A). In filing the Charge with the EEOC, the Plaintiff checked the "age" and "national origin" boxes, while the "race" box was left blank. But even more importantly, nowhere in the "particulars" section does Plaintiff mention racial discrimination, or that she is "Asian." On the contrary, the Discrimination Statement specifically states: "I believe that I am being discriminated against on the basis of my national origin; Chinese and my age: forty-six (46), in violation of Title VII . . . ." In addition, nowhere on the EEOC form does Plaintiff mention that her employer discriminated against her based on her being "Asian" or because of her race. "Absent some allegation of fact sufficient to put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the

5

CASE NO. 8:05-cv-572-T-17-MAP

EEOC charge" Gaston, 129 F. Supp. 2d at 1365 (citation omitted). Even when interpreted in the light most favorable to the Plaintiff, there is no indication on the EEOC questionnaire that the Plaintiff was trying to assert a claim for racial discrimination. This Court must conclude that the Plaintiff was clear that her claim was based on national origin and age and, therefore, it is not reasonable to expect that the EEOC investigation would also embrace racial discrimination.

Moreover, the facts in the instant case are distinguishable from those in G.F.B. in that the EEOC investigation in G.F.B. resulted in the discovery of claims based on race. Had the EEOC pursued the Plaintiff's claim of discrimination based on national origin, it would follow that the EEOC could have pursued racial discrimination claims if the investigation had resulted in the discovery of race-based claims. However, in the instant case, the EEOC provided Plaintiff with the Notice of Right to Sue on January 10, 2005. The EEOC decided that it would not bring suit against the Defendant based on the charge of discrimination based on national origin. It follows that charges of racial discrimination could not be reasonably expected to grow out of the initial charges of national origin discrimination, because the EEOC investigation did not result in the discovery of claims based on race. Therefore, Plaintiff's Title VII racial discrimination claim against Defendant should be dismissed.

The question now becomes whether this Court should grant Plaintiff leave to amend her Complaint to sue for discrimination based on national origin rather than race. Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a party's pleading] shall be freely given when justice so requires." Jameson v. Arrow Co., 75 F.3d 1528, 1534 (11th Cir. 1996) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). The decision whether to grant leave to amend is within the sound discretion of the trial court. Id. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, 'be freely given.'" Id. Furthermore, "if the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Hargett v. Valley Federal Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995).

CASE NO. 8:05-cv-572-T-17-MAP

In the instant case, the Plaintiff's national origin discrimination claim was presented first to the EEOC, which subsequently issued a Right to Sue notice to the Plaintiff. Construing the allegations in the Complaint in the light most favorable to the Plaintiff, it appears that the allegations are reasonably related to the timely filed administrative charges; therefore, the Plaintiff should be afforded an opportunity to amend to test a claim of national origin discrimination on the merits.

However, the Plaintiff should be aware that in order to maintain a claim under Title VII, she will have to name the appropriate Defendant. Pursuant to Fla. Stat. § 1001.72, each public university is a separate corporate entity and should be sued as such. Moreover, the inclusion of individual employees in their official capacities as defendants would be duplicative of the relief available under Title VII, and therefore, improper. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); Dismuke v. Florida Board of Governors, No. 8:05-cv-340, 2005 WL 1668895, at *1 (M.D. Fla. July 8, 2005).

## V. TITLE VII CLAIM OF RETALIATION

Defendant alleges that Plaintiff has not stated a sufficient claim for unlawful retaliation under Title VII and, therefore, moves to dismiss this claim. To establish a prima facie case of retaliation under Title VII, "a plaintiff must show: (1) actions protected by statute, (2) an adverse employment action, and (3) a causal link between the protected actions and the adverse employment decision." Hamm v. Members of the Board of Regents of the State of Florida, 708 F.2d 647, 654 (11th Cir. 1983) (citation omitted); see also Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 1994) (citation omitted).

Plaintiff alleges that in January 2002, Plaintiff received notice that her position was to be eliminated in June 2002. (Compl. ¶ 7). Plaintiff alleges that in June 2002, she was notified that she would be placed in another position effective June 21, 2002, and that this position cut her salary. (Compl. ¶ 8). Plaintiff alleges that she then notified the Defendant in writing of her request to maintain her current salary. (Compl. ¶ 9). Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on January 9, 2003. (Compl. ¶ 12). Plaintiff alleges that subsequently to her EEOC filing, the Defendant failed or refused to return Plaintiff to her former

7

CASE NO. 8:05-cv-572-T-17-MAP

salary. (Compl. ¶ 13). Plaintiff alleges that the Defendant "intentionally and maliciously refused to properly consider and rejected Plaintiff's request for her salary to remain the same at the time of her reassignment . . . in retaliation for her having engaged in protected activity in violation of Title VII." (Compl. ¶ 18).

In essence, Plaintiff alleges that the Defendant's inaction of reinstating her former salary after Plaintiff filed a complaint with the EEOC results in an act of retaliation for her having engaged in protected activity. The Defendant admits that the Plaintiff has established the first element of a Title VII case of retaliation by filing her charge of discrimination with the EEOC. However, the Defendant argues that the Plaintiff has not established the remaining two elements of a retaliation claim. Id. Under the anti-retaliation provision of Title VII, to constitute an adverse employment action "the action must either be an ultimate employment decision or else must 'meet some threshold level of substantiality.'" Stavropoulos v. Firestone, 361 F.3d 610, 616–617 (11th Cir. 2004). An ultimate employment decision includes a "discharge, failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her or employment opportunities, or adversely affects his or her status as an employee." Olson v. Lowe's Home Centers, 130 Fed. Appx. 380, 393 (11th Cir. 2005). The inaction of the Defendant to reinstate Plaintiff of her former salary was not an ultimate employment action. After Plaintiff filed the EEOC charge, the Plaintiff did not lose her job, suffer a lessening of pay, position, or benefits. Rather, the "conduct" the Plaintiff complains of, the reduction in her salary for someone of her qualifications and experience, and the Defendant's failure to reinstate Plaintiff's salary upon her request, occurred well before the Defendant filed the complaint with the EEOC. Plaintiff has not presented any facts to suggest that the Defendant engaged in any type of adverse employment action toward Plaintiff after she filed a charge with the EEOC.

Even though the Plaintiff does not allege an adverse employment action occurred, the Eleventh Circuit has held that Title VII's protection against retaliation "extends to adverse actions which fall short of ultimate employment decisions." Wideman v. Wal-Mart Stores, 141 F.3d 1453, 1456 (11th Cir. 1998). "Conduct that falls short of an ultimate employment decision must meet some threshold level of substantiality, which is evaluated 'using both a subjective and an objective

8

CASE NO. 8:05-cv-572-T-17-MAP

standard.'" Olson, 130 Fed. Appx. at 393. Courts have held that the threshold requires the adverse action to be "objectively serious and tangible enough to alter [the employee's] compensation, terms, conditions, or privileges of employment." Stavropoulos, 361 F.3d at 617 (quotations omitted). Again, the inaction that the Plaintiff complains of after her EEOC filing had no effect on her employment status. In her Complaint, Plaintiff compares herself to other employees who had not engaged in protected activities. (Compl. ¶ 14). However, Plaintiff does not allege that after the EEOC filing the Defendant took any action against her, such as denying her opportunities that were available to her co-workers. Rather, the only "conduct" that Defendant alleges, not reinstating her previous salary, occurred well before the EEOC filing.

Not only has Plaintiff not alleged that Defendant engaged in any adverse employment actions after the EEOC filing, Plaintiff has not alleged any that the Defendant engaged in any actions toward the Plaintiff after the EEOC filing. Even viewing the complaint in the light most favorable to the Plaintiff, the Court cannot help but conclude that the Plaintiff cannot prove any set of facts that would support a claim of retaliation against the Defendant. Therefore, the Plaintiff's Title VII retaliation claim is dismissed, with prejudice.

## VI. CLAIM FOR PUNITIVE DAMAGES UNDER TITLE VII

Finally, Defendant seeks to dismiss Plaintiff's punitive damages claim as expressly barred under Title VII. Courts have repeatedly held that "Title VII plaintiffs are not entitled to recover punitive damages against state governmental agencies or officials." Biggs v. State of Florida Board of Regents, No. 1:96-cv-185, 1998 WL 344349, at *2 (N.D. Fla. June 11, 1998) (citations omitted); see also Walker, 2004 U.S. Dist. Lexis 26668, at *5–6. Since the Defendant is clearly a state agency, Plaintiff is not entitled to seek punitive damages in this case. Therefore, Plaintiff's claim for punitive damages is dismissed, with prejudice. Accordingly, it is

CASE NO. 8:05-cv-572-T-17-MAP

**ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint is hereby **GRANTED IN PART** in that Plaintiff's claims against Defendant USF under the ADEA, § 1981, for racial discrimination under Title VII, for retaliation under Title VII, and for punitive damages are dismissed with prejudice. The Defendant's Motion is hereby **GRANTED WITH LEAVE TO AMEND** in that the dismissal is without prejudice as to Plaintiff's Title VII claim of discrimination based on national origin, as against the proper defendant, and Plaintiff's § 1981 claim, as against the proper defendant. Plaintiff shall have ten (10) days from the date of this Order to file an amended complaint that cures the deficiencies noted. The Plaintiff's Motion to Amend (Dkt. 21) is denied as moot as the Court is allowing the Plaintiff the opportunity to file an amended complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 23rd day of September 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record